IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY ELIZABETH LAZAROU and AAFAQUE AKHTER<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY,<br><br>Defendant. | Case No.: 1-19-cv-01614<br><br>Honorable John Z. Lee |

**DEFENDANT'S MOTION REQUESTING JUDICIAL NOTICE OF NBPAS' WEBSITE**

Defendant American Board of Psychiatry and Neurology ("ABPN") hereby moves this Court to take judicial notice under Fed. R. Evid. 201 of the pages of National Board of Physicians and Surgeons' ("NBPAS") website which are attached hereto as Exhibit A.  In support of this motion, ABPN states:

1. In an attempt to demonstrate how ABPN has allegedly been able to stifle competition, Plaintiffs allege in their Complaint that "[t]he National Board of Physicians and Surgeons ("NBPAS") was established in or about January 2015 to provide a competing maintenance of certification product to physicians[,]" but that "NBPAS has had very limited success." Complaint ¶¶ 77, 78.

2. As evidence of ABPN's alleged anti-trust violations, and as alleged proof that the Initial Certification ("IC") and the Maintenance of Certification ("MOC") offered by ABPN are two separate products, Plaintiffs allege in their Complaint that the NBPAS only offers MOC but not IC.  Complaint at ¶¶ 75, 77.

3. Plaintiffs further allege that NBPAS imposes certain requirements on physicians to obtain MOC from NBPAS.  *See id.* ¶¶ 75-76.

1

4. In their Complaint, Plaintiffs specifically rely on and cite the NBPAS website, alleging that *"[a]ccording to the NBPAS website*, as of February 26, 2019, only 108 hospitals, approximately one percent of hospitals nationwide, accept NBPAS maintenance of certification and not a single insurance company is known to accept NBPAS maintenance of certification." *Id.* ⁋ 78 (emphasis added).

5. Thus, the NBPAS website is integral to Plaintiffs' Complaint, as it forms the basis for Plaintiffs' allegations of unlawful tying, that IC and MOC two different products, that ABMS has monopoly power and has unlawfully stifled competition, and of anti-trust damages.

6. APBN requests that the Court take judicial notice of the following pages from the NBPAS website:

    a.    https://nbpas.org/

    b.    https://nbpas.org/criteria/

    c.    https://nbpas.org/apply-or-renew/

    d.    https://nbpas.org/apply/?level=1

    e.    https://nbpas.org/why-nbpas/

    f.    https://nbpas.org/wp-content/Downloads/2014-08-25%20National%20Board%20of%20Physicians%20and%20Surgeons%20Bylaws.pdf.

Copies of the referenced webpages are attached hereto as Exhibits A-F, respectively. These webpages are the same ones which are referenced on pages 6-7 of *Brief Of Defendant In Support Of Its Motion To Dismiss Plaintiffs' Class Action Complaint*.

7. As evidenced by the NBPAS website Plaintiffs' cite in their Complaint, Plaintiffs' allegation that the "NBPAS offers maintenance of certification but not initial certification" (Complaint ¶ 77) is demonstrably false. *See, e.g.,* https://nbpas.org/ (Exh. A) ("The National Board of Physicians and Surgeons (NBPAS) is committed to ***providing certification*** that ensures physician compliance with national standards and promotes lifelong learning."); https://nbpas.org/criteria/ (Exh. B) ("NBPAS requires fulfillment of the following criteria ***for board certification***:"); https://nbpas.org/apply-or-renew/ (Exh. C) ("***Certification by NBPAS*** is a measure of training, experience and life-long learning. It does not guarantee competence or any specific medical outcomes."); https://nbpas.org/apply/?level=1 (Exh. D) (in "Terms and Conditions", "The National Board of Physicians and Surgeons (NBPAS) reserves the right to ***deny certification*** to any individual believed by the board to lack sufficient qualifications. This may include individuals who meet the stated requirements but are found by the NBPAS to have characteristics that make them ***unsuitable for certification***."); https://nbpas.org/why-nbpas/ (Exh. E) ("***Currently, NBPAS certifies physicians*** in non-surgical ABMS specialties.") (emphasis added in all examples). In fact, the NBPAS' prime "Objective and Purpose" is "certification of physicians." NBPAS Bylaws, Art. III at https://nbpas.org/wp-content/Downloads/2014-08-25%20National%20Board%20of%20Physicians%20and%20Surgeons%20Bylaws.pdf. (Exh. F).

8. "[A] court ruling on a motion to dismiss can rely on the complaint itself, documents attached to the complaint, documents that are critical and referred to in it, and information that is subject to proper judicial notice." *In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F.Supp.3d 931, 938 (N.D. Ill. 2018). *See also Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are

3

referred to in the plaintiff's complaint and central to his claim") (alteration and quotation marks omitted).

9. It is proper to take judicial notice of websites that are referenced in or are otherwise integral to a plaintiff's Complaint. *See, e.g., Belfron v. Credit Check Total Consumerinfo.com, Inc.*, Case No. 2:18-cv-00408, 2018 WL 4478906, *3 (E.D.N.Y. Oct. 1, 2018) ("The Court also may take judicial notice of these documents in order to consider them in adjudicating this motion. It is entirely proper for the Court to take judicial notice of publically available documents on published websites"); *Devere Group GMBH v. Opinion Corp.*, 877 F.Supp.2d 67, 71 (E.D.N.Y. 2012) ("the court may, for the purposes of this motion to dismiss, consider the contents of the deVere websites, upon which deVere relied in bringing this lawsuit and which are 'integral' to the complaint"); *Lacy v. Progressive Direct Ins., Co.*, Case No. 15 C 50110, 2016 WL 25717, *2 (N.D. Ill. Jan. 4, 2016) (discussing taking judicial notice of portions of website); *Solum v. Certainteed Corp.*, Case No. 7:15-cv-115, 2015 WL 6505195, **3-4 (E.D.N.C. Oct. 27, 2015) (taking judicial notice of website materials); *Inman v. Technicolor USA, Inc.*, Civ. No. 11-666, 2011 WL 5829024, **3-4 (W.D. Pa. Nov. 18, 2011) (taking judicial notice of website pages).

WHEREFORE, for the foregoing reasons, ABMS requests that this Court take judicial notice of the pages of the NBPAS website attached hereto as Exhibits A-F.

Dated: May 10, 2019

Respectfully submitted,

By: /s/ *Christopher Sullivan*
Christopher B. Sullivan
PRICE PARKINSON & KERR
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Tel: (801) 517-7009
Sullivan@ppktrial.com

Anne I-Pin Shaw
Darryl Tom
SHAW LEGAL SERVICES, LTD.
540 W. Briar Place, Unit B
Chicago, Illinois 60657
ashaw@shawattorneys.com
dtom@shawattorneys.com

*Attorneys for Defendant American Board of Psychiatry and Neurology*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 10, 2019, the foregoing **DEFENDANT'S MOTION REQUESTING JUDICIAL NOTICE OF NBPAS' WEBSITE** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by email to the following:

C. Philip Curley
Cynthia H. Hyndman
Laura R. Feldman
Benjamin E. Schwab
ROBINSON CURLEY P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
pcurley@robinsoncurley.com
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com
bschwab@robinsoncurley.com

Katrina Carroll
LITE DEPALMA GREENBERG, LLC
111 West Washington, Suite 1240
Chicago, IL 60602
kcarroll@litedepalma.com

                                                    */s/ Christopher Sullivan*
                                                        Christopher Sullivan