# EXHIBIT F

BYLAWS
of The
NATIONAL BOARD OF PHYSICIANS AND SURGEONS
A California Nonprofit Public Benefit Corporation

ARTICLE I
NAME

Section 1.1 Name. The name of this Corporation is the National Board of Physicians and Surgeons, hereinafter referred to as "the Corporation."

ARTICLE II
OFFICES

Section 2.1 Principal Office. The Board of Directors of the Corporation (the "Board") shall fix the location of the principal office of the Corporation at any place within the State of California. The directors may change the principal office from one location to another.

Section 2.2 Other Offices. The Board of Directors of the Corporation may at any time establish branch or subordinate offices at any place or places where the Corporation is or will be qualified to do business.

ARTICLE III
OBJECTIVES AND PURPOSES

Section 3.1 Principal Purpose. The Corporation is organized solely for nonprofit purposes under the California Nonprofit Public Benefit Corporation Law. The principal purpose of this corporation is to: Operate a nonprofit organization with no part of its net earnings inuring to the benefit of any private shareholder or individual; and the certification of physicians that ensures physician compliance with national standards within their specialties.

ARTICLE IV
BOARD OF DIRECTORS
RULES OF GENERAL APPLICATION

Section 4.1 Powers of The Board.
    (a) General Corporate Powers. Subject to the provisions of the California Nonprofit Corporation Law and any limitations in the Articles of Incorporation, the business and affairs of the Corporation shall be managed, and all corporate powers shall be exercised, by or under the direction of the Board.
    (b) Specific Powers. Without prejudice to these general powers, and subject to the same limitations, the directors shall have the power to:
- (i) Select and remove all officers, agents and employees of the Corporation; prescribe any powers and duties for them that are consistent with law, with the Articles of Incorporation, and with these Bylaws; and fix their compensation;
- (ii) Elect members of the Board of Directors for the following year at the annual meeting, and to fill vacancies occurring in between annual meetings of the Board as provided in these Bylaws; and

Section 4.2. Number of Directors. The Board of Directors shall consist of a minimum of three directors and a maximum of 21 directors, with the total number of directors to be determined by action of the Board.

From time to time, due to vacancy or addition by action of the Board, there may be a smaller or larger

number of directors, but never fewer than the statutory minimum three directors or more than twenty five directors.

Section 4.3 Election of Directors; Term.
- (a) <u>Numbering of Seats:</u>   Seats on the Board of Directors shall be numbered sequentially, (i.e. 1, 2, 3. . . etc.).
- (b) <u>Initial Election of Directors, Staggered Terms:</u>   At the initial meeting of the Board of Directors in 2015, the Incorporator shall name up to twenty one directors, but no fewer than three.   Each Director so named shall be assigned to the lowest-numbered open Seat.  Directors named to Odd Numbered Seats shall serve an initial term of two years.   Directors named to Even Numbered Seats shall serve an initial term of one year.   It is the intent of this provision that subsequent to the Initial Election of Directors, the terms of the Directors shall be staggered such that elections for Odd Numbered Seats shall be made at the Annual Meeting in odd numbered years, and elections for Even Numbered Seats shall be made at the Annual Meeting in even numbered years.
- (c) <u>Subsequent Elections of Directors, Terms:</u>   At each Annual Meeting, for each Seat whose term shall expire at the end of that Annual Meeting, the Board shall elect, by majority vote, one director to each Seat.   There is no restriction on Directors seeking or obtaining re-election.   Subsequent to the expiration of the initial terms of office for each Seat set forth in Section 4.3(b), all Seats shall carry a term of two years.
- (d) <u>End of Term.</u>   Directors shall serve through the adjournment of the Annual Meeting in the year that their term ends (such that they may vote in the election of Directors).

Section 4.4 Vacancies.
- (a) Vacancies. Vacancies in the Board of Directors shall exist:
  - (i) At the resignation, death, disability or removal of any director;
  - (ii) Whenever directors nominated by the Board Chair for election by the Board are less than the number of directors authorized by resolution of the Board of Directors in accordance with these Bylaws;
  - (iii) Whenever ex officio members of the Board no longer hold the relevant office.
- (b) Mandatory Vacancies. The relevant Board of Directors must declare vacant the office of a director when:
  - (i) Such director is declared of unsound mind by a final order of court or convicted of a felony;
  - (ii) Such director has been found by final order or judgment of a court to have breached any standards of conduct as set forth in the California Corporations Code; or
  - (iii) If within sixty (60) days after such director receives notice of election, such director fails to accept the office in writing or by attending a meeting of the Board of Directors.
- (c) Filling Vacancies. Unless otherwise provided in these Bylaws as designation by the Board, vacancies in the Board of Directors may be filled by a majority of the remaining directors though less than a quorum or by a sole remaining director. Any replacement director shall meet any qualifications set forth in these Bylaws for selection as a Director. No director may resign when the Corporation would then be left without a duly elected director or directors in charge of its affairs.
- (d) Resignation and Removal. If the relevant Board of Directors accepts the resignation of a director intended to take effect at a later time, the relevant Board may elect a successor to take office when the resignation becomes effective.   The Board of Directors may remove any Director with or without cause by majority vote at a regular meeting or a special meeting, provided that four days' notice is given to the Board that such action will be contemplated at the meeting.

(e) Unexpired Term. A person elected director to fill a vacancy as in this section provided shall hold office for the unexpired term of the predecessor or until removal or resignation as provided in these Bylaws unless a shorter term for that director is established by the relevant Board of Directors.

(f) Reduction in Authorized Directors. A reduction of the authorized number of directors shall not cause the removal of any director prior to the expiration of the director's term of office.

(g) Increase in Authorized Directors:   The Board may increase the number of Authorized Directors by majority vote.

(h) Effect of Vacancy on Quorum; Authorized Seats that have never been filled, or that have been Vacant for more than ninety (90) days shall not be counted towards a required any quorum or voting requirement.

(i) Restriction on Interested Directors. Not more than forty-nine percent (49%) of the persons serving on the relevant Board of Directors at any time may be interested persons. An interested person is (i) any person being compensated by the Corporation for services rendered to it within the previous twelve (12) months, whether as a full-time or part-time employee, independent contractor, or otherwise, excluding any reasonable compensation paid to a director as director; and (ii) any brother, sister, ancestor, descendant, spouse, brother-in-law, mother-in-law, or father-in-law of any such person. However, any violation of the provisions of this subsection shall not affect the validity or enforceability of any transaction entered into by the Corporation.

Section 4.5 Place of Meetings. Meetings by Telephone. Regular meetings of the relevant Board of Directors may be held at any place within or outside the State of California that has been designated from time to time by resolution of the relevant board. Special meetings of the board shall be held at any place within or outside the State of California that has been designated in the notice of the meeting in the notice, or if there is no notice, at the principal executive office of the Corporation. Any meeting, regular or special, may be held by conference telephone or similar communication equipment and all directors attending by such means shall be deemed to be present in person at such meeting.

Section 4.6 Annual Meeting. The relevant Board of Directors shall hold a regular annual meeting for the purpose of organization, election of officers, and the transaction of other business.

Section 4.7 Other Regular Meetings. Other regular meetings of the relevant Board of Directors shall be held without specific notice at such time as shall from time to time be fixed in advance by the Board of Directors.

Section 4.8 Special Meetings.

(a) Authority to Call. Special meetings of the relevant Board of Directors for any purpose may be called at any time by the Board chair, the secretary or any two directors.

(b) Notice.
- (i) Manner of Giving. Notice of the time and place of special meetings shall be given to each director by one of the following methods: (a) by personal delivery or written notice; (b) by first-class mail, postage paid; (c) by electronic mail; or (d) by telephone communication, either directly to the director or to a person at the director's office who the person giving the notice has reason to believe will promptly communicate it to the receiver.
- (ii) Time Requirements. Notices sent by first class mail shall be deposited into a United States mail box at least four (4) days before the time set for the meeting. Notices given by personal delivery, telephone or electronic mail shall be delivered, telephoned, or electronically mailed at least forty-eight (48) hours before the time set for the meeting.
- (iii) Notice Contents. The notice shall state the time and place for the meeting.   The nature of the business to be transacted at the meeting need not be included in the

notice, except for those actions for which particularized advanced notice is required by these Bylaws.

Section 4.9 Quorum. A majority of the directors holding office at any point in time shall constitute a quorum. In determining the presence of a quorum for a full board meeting, all directors present shall be counted. Every act or decision done or made by a majority of the board present at a meeting duly held at which a quorum is present shall be regarded as the act of the full board, subject to the provisions of the California Nonprofit Corporation Law, including, without limitation, those provisions relating to (i) approval of contracts or transactions in which a director has a direct or indirect material financial interest, (ii) appointment of committees, and (iii) indemnification of directors. A meeting at which a quorum is initially present may continue to transact business, notwithstanding the withdrawal of directors, if any action taken is approved by at least a majority of the required quorum for that meeting.

Section 4.10 Waiver of Notice. The transactions of any meeting of the relevant Board of Directors, however called and noticed or wherever held, shall be as valid as though taken at a meeting duly held after regular call and notice, if a quorum is present, and either before or after the meeting, each of the directors not present signs a written waiver of notice, a consent to holding the meeting, or an approval of the minutes. The waiver of notice or consent need not specify the purpose of the meeting. All waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting. Notice of a meeting shall also be deemed given to any director who attends the meeting without protesting before or at its commencement about the lack of adequate notice.

Section 4.11 Adjournment. A majority of the directors present, whether or not constituting a quorum, may adjourn any meeting to another time and place.

Section 4.12 Notice of Adjournment. Notice of the time and place of holding an adjourned meeting need not be given, unless the meeting is adjourned for more than twenty-four (24) hours, in which case personal notice of the time and place shall be given before the time of the adjourned meeting to the directors who were not present at the time of the adjournment.

Section 4.13 Action Without Meeting. Any action required or permitted to be taken by the relevant Board of Directors may be taken without a meeting, if all Directors, individually, or collectively, consent in writing to that action. Such action by written consent shall have the same force and effect as a unanimous vote of the Board of Directors. Such written consent or consents shall be filed with the minutes of the proceedings of the board.

Section 4.14 Fees and Compensation of Directors. Directors and members of committees shall serve in those capacities without compensation. (This provision shall not affect the ability of Directors and members of committees to be compensated by the Corporation for other services)

Section 4.15 Conflicts of Interest. The following procedures shall be followed in connection with action by the Board of Directors in connection with a transaction involving the Corporation and an interested director:
    (a) The director's interest in the transaction (whether financial or because of other directorship(s) or office(s) held by the director) must be fully disclosed by the interested director to the Board of Directors.
    (b) The interested director must leave the meeting during the discussion and not vote on any transaction involving the interested director, including any transaction involving the Corporation and any other Corporation, firm or association in which the interested director is a director, trustee or officer.
    (c) Prior to consummating the transaction, the Board of Directors (excluding all interested directors) must:
        (i)    Determine that the transaction will be entered into by the Corporation for its own

     benefit;
- (ii) Determine that the transaction is fair and reasonable to the Corporation;
- (iii) Determine, in good faith and after reasonable investigation, that the Corporation could not have obtained a more advantageous arrangement with reasonable effort under the circumstances; and
- (iv) Authorize and approve the transaction in good faith by a vote of a majority of the directors in office, without counting the vote of the interested director, and with knowledge of the material facts concerning the transaction and the director's interest in the transaction.

(d) A committee or person authorized by the Board of Directors may approve a transaction to which the Corporation is a party and in which one of its directors is an interested director provided that;
- (i) Such committee or authorized person approves the transaction in a manner consistent with the procedures described in paragraph (c) herein above,
- (ii) It was not reasonably practicable to obtain the approval of the Board of Directors (excluding all interested directors) prior to entering into the transaction, and
- (iii) The Board of Directors (excluding all interested directors) , after determining in good faith that the standards set forth in paragraph (c) herein above were satisfied, ratifies the transaction at its next meeting by a vote of the majority of the directors in office, without counting the vote of the interested director.

(e) An interested director may be counted in determining the presence of a quorum at a meeting of the Board of Directors.

## ARTICLE V
## OFFICERS OF THE BOARD

Section 5.1 Required Officers:
- (a) <u>Chair</u>. The Chair must be a Director in Good standing, and shall be appointed by the Board to a two year term. The Chair shall be the chief executive officer of the Corporation and shall preside at meetings of the Board of Directors and exercise and perform such other powers and duties as may be from time to time assigned by the Board of Directors or prescribed by the bylaws. The Board chair may delegate duties and assignments to other members of the Board of Directors. In addition, the Board chair shall be an ex-officio member of all other committees of the Board. The Board Chair shall also be the chief operating officer of the Corporation and shall generally supervise, direct and control the day-to-day business of the Corporation.
- (b) <u>Secretary</u>. The Secretary must be a Director in good standing and shall be appointed by the Board to a one year term. The Secretary shall attend to the following with respect to the Corporation, as the case may be:
  - (i) Book of Minutes. The secretary shall keep or cause to be kept, at the principal executive office or such other place as the Board of Directors may direct, a book of minutes of all meetings and actions of directors, and committees of directors, with the time and place of holding, whether regular or special, and, if special, how authorized, the notice given, the names of those present at such meetings, the number of Directors present or represented at Board meetings, and the proceedings of such meetings.
  - (ii) Notices, Seal and Other Duties. The secretary shall give, or cause to be given, notice of all meetings of the Board of Directors required by the bylaws to be given. The secretary shall keep the seal of the Corporation in safe custody and shall have such other powers and perform such other duties as may be prescribed by the Board of Directors or the bylaws.
- (c) <u>Treasurer</u>. The Treasurer must be a Director in good standing and shall be appointed by the Board to a one year term. The Treasurer shall attend to the following with respect to the

    Corporation, as the case may be:
- (i) Books of Account. The chief financial officer shall keep and maintain, or cause to be kept and maintained, adequate and correct books and records of accounts of the properties and business transactions of the Corporation, including accounts of its assets, liabilities, receipts, disbursements, gains, losses, capital, retained earnings, and other matters customarily included in financial statements. The books of account shall be open to inspection by any director at all reasonable times. The chief financial officer shall exhibit to a Director or Director's agent or attorney, on written demand therefore for a purpose reasonably related to the interest of such Director, the books of account and financial records of the Corporation.
- (ii) Deposit and Disbursement of Money and Valuables. The chief financial officer shall deposit or cause to be deposited all money and other valuables in the name and to the credit of the Corporation with such depositories as may be designated by the Board of Directors; shall disburse the funds of the Corporation as may be ordered by the Board of Directors; shall render to the Co-Chairs and/or Directors, whenever they request it, an account of all of the chief financial officer's transactions and of the financial condition of the Corporation.
- (iii) Financial Statements. The chief financial officer of the Corporation shall prepare or cause to be prepared the financial statements to be included in the annual report to the Board, in accordance with these Bylaws.
- (iv) Other Duties. The chief financial officer shall in general perform all duties incident to the office of chief financial officer and such other duties as may be required by law, by the Articles of Incorporation of this Corporation, or by these bylaws, or which may be assigned from time to time by the Board.

Section 5.2 Other Offices, Creation, Appointment and Removal. From time to time as may be necessary, the Board shall have the power to create offices and designate the authority of such officers to act on behalf of the Corporation. It shall be a requirement to serve in any such office that the officer be Director in good standing, when an officer ceases to be a Director, he or she will be deemed resigned from all offices of the Board.

Section 5.3 Multiple Offices. Any number of offices may be held by the same person.

Section 5.4 Election and Removal of Officers. The Board shall have the power to name and/or remove officers, with or without cause, by majority vote at a regularly scheduled meeting of the Board or at a meeting of the Board called specifically for that purpose. A vote of the Board for the removal of an officer may only be held upon 4 days advanced written notice to the Board and the officer to be removed.

Section 5.5 Resignation of Officers. Any officer may resign at any time by giving written notice to the Corporation. Any resignation shall take effect at the date of the receipt of that notice or at any later time specified in that notice; and, unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective. Any resignation is without prejudice to the rights, if any, of the Corporation under any contract to which the officer is a party.

Section 5.6 Vacancies in Offices. A vacancy in any office because of death, resignation, removal, disqualification, or any other cause shall be filled only in the manner prescribed in these bylaws for regular appointments to that office.

Section 5.7 Staff. The Board of Directors may employ, and the officers may delegate such functions as they deem appropriate to, paid staff.

## ARTICLE VI
## COMMITTEES

Section 6.1 Power to Name Committees. The Board shall by majority vote have the power to create or dissolve particular committees fewer than all of the members of the Board.

Section 6.2 Appointments To Committees. Following the annual organizational meeting and prior to the next meeting of the Board of Directors, the Board chair shall recommend to the Board of Directors the minimum persons the Board chair proposes serve as members of each committee. The committee members shall be appointed by the Board of Directors at or before the first regular meeting of the Board of Directors following the annual organizational meeting of the Board of Directors. If the Board chair for any reason fails to recommend the proposed committee members within the time specified, the Board of Directors shall nonetheless appoint such committees as herein provided.

Section 6.3 Creation and Duration of Committees. Each committee shall remain as constituted until dissolved or until a new committee has been appointed as herein provided. In addition to the above, the Board of Directors may create additional committees consisting of one or more directors with such authority and membership as the Board may specify in writing.

Section 6.4 Powers of Committees. A Committee shall have such authority as delegated to it by the Board by written resolution, except that no committee, regardless of board resolution, may:
    (a) Take any final action on matters, which under the California Nonprofit Corporation Law, also requires the Board's approval;
    (b) Fill vacancies on the Board of Directors or in any committee, which has the authority of the board;
    (c) Fix or approve compensation of any director for serving on the board or on any committee;
    (d) Amend or repeal bylaws or adopt new bylaws;
    (e) Amend or repeal any resolution of the Board of Directors which is not by its express terms so amendable or repealable;
    (f) Appoint any other committees of the Board of Directors or the members of these committees;
    (g) Approve any transaction
        (i) to which the Corporation is a party and one or more directors have a material financial interest; or
        (ii) between the Corporation and one or more of its directors or between the Corporation or any person in which one or more of its directors have a material financial interest.

Section 6.5 Advisory Powers of Committees. Committees of the Board which are not enumerated herein shall have advisory powers within the scope of their jurisdiction, and shall have such administrative functions as shall be incident to their advisory jurisdiction as shall be specifically delegated by the relevant Board.

Section 6.6 Meetings and Action of Committees. Meetings and action of committees shall be governed by, and held and taken in accordance with, the provisions of these Bylaws, concerning meetings of the Board, with such changes in the context of those bylaws as are necessary to substitute the committee and its members for a Board of Directors and its members, except that the time for regular meetings of committees may be determined either by resolution of the Board of Directors or by resolution of the committee. Special meetings of committees may also be called by resolution of the relevant Board of Directors. Minutes shall be kept of each meeting of any committee and shall be filed with the corporate records. The relevant Board of Directors may adopt rules for the governance of any committee not inconsistent with the provisions of these Bylaws.

ARTICLE VII
INDEMNIFICATION OF DIRECTORS, OFFICERS, EMPLOYEES AND OTHER AGENTS

Section 7.1 Definitions. For the purpose of this Article:

(a) Agent. "Agent" means any person who is or was a director, officer, employee, or other agent of this Corporation, or is or was serving at the request of this Corporation as a director, officer, employee, or agent of another foreign or domestic corporation, partnership, joint venture, trust, or other enterprise, or was a director, officer, employee, or agent of a foreign or domestic corporation that was a predecessor corporation of this Corporation or of another enterprise at the request of the predecessor corporation;

(b) Corporation. "Corporation" means the National Board of Physicians and Surgeons, a California Corporation.

(c) Proceeding. "Proceeding" means any threatened, pending, or completed action or proceeding, whether civil, criminal, administrative, or investigative; and

(d) Expenses. "Expenses" includes, without limitation, all attorneys' fees, costs, and any other expenses incurred in the defense of any claims or proceedings against an agent by reason of his position or relationship as agent and all attorneys fees, costs, and other expenses incurred in establishing a right to indemnification under this Article.

Section 7.2 Successful Defense by Agent. To the extent that an agent has been successful on the merits in the defense of any proceeding referred to in this Article, or in the defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection with the claim. If an agent either settles any such claim or sustains an adverse judgment, then the provisions of Sections 7.3 through 7.5 shall determine whether the agent is entitled to indemnification.

Section 7.3 Actions Brought by Persons. The Corporation shall defend, indemnify and hold harmless the Board of Directors, the Officers, the Incorporator, and managers, and each of them, against any claim, legal action, or liability, including attorneys' fees and costs incurred by any of them in connection with the conduct of the business of the Corporation. Neither the Corporation nor any Director shall have any claim against another Director, Officer, or manager in connection with the conduct of the business of the Corporation by reason of any act or omission of such other Director or manager, whether the subject of indemnification or not, even if such act or omission was negligent or grossly negligent, reckless, willful, or in bad faith. The provisions of this Section regarding liability and indemnification shall apply with equal force and effect to any agent or employee of a Director, Officer or manager, and their successors and assigns. The Corporation and the Directors shall, however, retain all claims and causes of action which they may now or hereafter have against each other relating to breaches of this Agreement and/or all other matters not involving the conduct of the Corporation's business. The foregoing right of indemnification shall not be deemed exclusive of any other rights to which such persons may be entitled apart from this Article. The foregoing right of indemnification shall continue as to a person who has ceased to be a Director, Officer, employee or agent and shall inure to the benefit of the heirs, executors and administrators of such a person.

Section 7.4 Action Brought By Or On Behalf of the Corporation.

(a) Claims Settled Out of Court. If any agent settles or otherwise disposes of a threatened or pending action brought by or on behalf of this Corporation, without court approval or approval of the Attorney General, the agent shall receive no indemnification for either amounts paid pursuant to the terms of the settlement or other disposition or for any expenses incurred in defending against the proceeding.

(b) Threatened, Pending or Completed Actions Against Agent. The Corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action brought by or on behalf of this Corporation or brought under the California Corporations Code or brought by the Attorney General, or a person granted relator status by the Attorney General for a breach of duty relating to assets in charitable trust, by reason of the fact that the person is or was an agent,

for all expenses actually and reasonably incurred in connection with the defense of that action, provided that both of the following are met:

    (i)    The determination of good faith conduct required by Section 7.5, below, must be made in the manner provided for in that section; and

    (ii)    Where the agent has actually been adjudged liable to the Corporation, the court in which the action was brought must, upon application, determine that, in view of all of the circumstances of the case, the agent should be entitled to indemnity for the expenses incurred. If the agent is found to be so entitled, the court shall determine the appropriate amount of expenses to be reimbursed.

Section 7.5 Determination of Agent's Good Faith Conduct. The indemnification granted to an agent in Sections 7.3 and 7.4 above is conditioned on the following:

(a) Required Standard of Conduct. The agent seeking reimbursement must be found, in the manner provided below, that the agent acted in good faith, in a manner the agent believed to be in the best interest of this Corporation, and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use in similar circumstances. The termination of any proceeding by judgment, order, settlement, conviction, or on a plea of nolo contendere or its equivalent shall not, of itself, create a presumption that the person did not act in good faith or in a manner which the agent reasonably believed to be in the best interest of this Corporation or that the agent had reasonable cause to believe that the conduct was unlawful. In the case of a criminal proceeding, the agent must have had no reasonable cause to believe that the conduct was unlawful.

(b) Manner of Determination of Good Faith Conduct. The determination that the agent did act in a manner complying with Section 7.5(a) above shall be made by:

    (i)    The Board by a majority vote of a quorum consisting of directors who are not parties to the proceeding; or

    (ii)    The court in which the proceeding is or was pending. Such determination may be made on application brought by the Corporation or the agent or the attorney or other person rendering a defense to the agent, whether or not the application by the agent, attorney, or other person is opposed by this Corporation.

Section 7.6 Limitations. No indemnification or advance shall be made under this Article, except as provided in Sections 7.2 or 7.5(b)(ii), in any circumstances when it appears:

(a) That the indemnification or advance would be inconsistent with a provision of the Articles of Incorporation, Bylaws, a resolution of the Board, or an agreement in effect at the time of the accrual of the alleged cause of action asserted in the proceeding in which the expenses were incurred or other amounts were paid, which prohibits or otherwise limits indemnification; or

(b) That the indemnification would be inconsistent with any condition expressly imposed by a court in approving a settlement.

Section 7.7 Advance of Expenses. Expenses incurred in defending any proceeding may be advanced by the Corporation before the final disposition of the proceeding on receipt of an undertaking by or on behalf of the agent to repay the amount of the advance unless it is determined ultimately that the agent is entitled to be indemnified as authorized in this Article.

Section 7.8 Contractual Rights of Non-directors and Non-officers. Nothing contained in this Article shall affect any right to indemnification to which persons other than directors and officers of this Corporation, or any subsidiary hereof, may be entitled by contract or otherwise.

Section 7.9 Insurance. The Corporation may purchase and maintain insurance on behalf of and for the benefit of the Corporation and any person who is or was a Director, Officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another

corporation, partnership, joint venture, trust or other enterprise against any liability asserted against him or her and incurred by him or her in any such capacity, or arising out of his or her status as such, whether or not the Corporation would have the power to indemnify him or her against such liability under the provisions of the general corporation law of the State.

## ARTICLE VII
## EXECUTION OF INSTRUMENTS, DEPOSITS AND FUNDS

Section 8.1 Authority to Enter Contracts. The Board of Directors, except as otherwise provided in these bylaws, may by resolution authorize any director, agent or employee of the Corporation to enter into any contract or execute any instrument in the name of and on behalf of the Corporation, and such authority may be general or confined to specific instances. Unless so authorized, no director, agent or employee shall have any power or authority to bind the Corporation by any contract or any engagement or to pledge its credit or to render it liable for any purpose or in any amount. Officers are authorized to enter into any contract or execute any instrument in the name of and on behalf of the Corporation, except as otherwise specifically determined by resolution of the relevant Board of Directors or limited herein.

Section 8.2 Bank Depositories. All funds of the Corporation shall be deposited from time to time to the credit of the Corporation at such banks, trust companies, or other depositories as the Board may select.

Section 8.3 Acceptance of Gifts. The Board may accept on behalf of the Corporation any contribution, gift, bequest or devise for the general purpose or any special purpose of the Corporation.

## ARTICLE IX
## RECORDS AND REPORTS

Section 9.1 Maintenance of Corporate Records. The Corporation shall keep:
    (a) Adequate and correct books and records of account;
    (b) Minutes in written form of the proceedings of its Board and committees;
and
    (c) A record of its Directors, giving their names and addresses and offices held by each.
    (d) All such records shall be kept at the Corporation's principal executive office, or if its principal executive office is not in the State of California, at its principal business office in this state.

Section 9.2 Maintenance and Inspection of Articles of Incorporation and Bylaws. The Corporation shall keep at its principal executive office, or if its principal executive office is not in the State of California, at its principal business office in this state, the original or a copy of the Articles of Incorporation and Bylaws as amended to date, which shall be open to inspection by the Directors at all reasonable times during office hours. If the principal executive office of the Corporation is outside the State of California and the Corporation has no principal business office in this state, the secretary of the Corporation shall, on the written request of any Director, furnish to that Director a copy of the Articles of Incorporation and Bylaws as amended to date.

Section 9.3 Inspection by Directors. Every director shall have the absolute right at any reasonable time to inspect all books, records, and documents of every kind and physical properties of the Corporation and each of its subsidiary Corporations. This inspection by a director may be made in person or by an agent or attorney, and the right of inspection includes the right to copy and make extracts of documents.

Section 9.4 Annual Report
    (a) Annual Report. Not later than one-hundred twenty (120) days after the close of the Corporation's fiscal year, the Chairs shall cause an annual report to be presented to the Board. Such report

shall contain the following information in reasonable detail:
    (i)    The assets and liabilities of the Corporation as of the end of the fiscal year;
    (ii)    The principal changes in assets and liabilities, including trust funds, during the fiscal year;
    (iii)    The revenue or receipts of the Corporation, both unrestricted and restricted to particular purposes, for the fiscal year;
    (iv)    The expenses or disbursements of the Corporation, for both general and restricted purposes, during the fiscal year; and
    (v)    Any information required by this Article.

## ARTICLE X
## CONSTRUCTION AND DEFINITIONS

Section 10.1 Governing law. Unless the context requires otherwise, the general provisions, rules of construction, and definitions in the California Nonprofit Corporation Law shall govern the construction of these bylaws. Without limiting the generality of the above, the singular number includes the plural, the plural number includes the singular, and the term "person" includes both the Corporation and a natural person.

Section 10.2 Notices.  All requirements of notice set forth in these bylaws or applicable to the organization according to law or organizational policy shall be satisfied by either (a) by personal delivery or written notice; (b) by first-class mail, postage paid; (c) by electronic mail; (d) receipt of actual notice by some other method; and/or (e) in the case of particular notice requirements, any other method as may be set forth in the applicable provision, law or policy.

## ARTICLE XI
## FISCAL YEAR

Section 11.1 Fiscal year. The fiscal year of the Corporation shall begin on the first day of January and end on the last day of December in each year beginning with the year ending December 31.

## ARTICLE XII
## BYLAWS

Section 12.1 Bylaws. These Bylaws shall become effective immediately upon their adoption. Amendments to these Bylaws shall become effective on their adoption unless the Board, in adopting them as hereinafter provided, provide that they are to become effective at a later date.

Section 12.2 Amendments. Subject to the provisions of the California Corporations Code, these Bylaws or any of them may be altered, amended, or repealed and/or new bylaws adopted by 2/3 supermajority vote of the Board, provided that written notice of such meeting and of the intention to change the bylaws thereat is delivered to each director at least Thirty (30) days prior to the date of such meeting, as provided in these bylaws, or by the written consent of all directors without a meeting as provided in the bylaws.

## ARTICLE XIII
## PROHIBITION AGAINST
## SHARING CORPORATE PROFITS AND ASSETS

Section 13.1 Reasonable Compensation. No Director, officer, employee or other person connected with this Corporation, or any other private individual shall receive at any time any of the net revenues or assets of the Corporation, provided that this provision shall not prevent payment to any such person of reasonable

compensation and reimbursement of expenses for services rendered or materials provided to or fixed by resolutions of the Board of Directors; and no such person or persons shall be entitled to share in the distribution of, and shall not receive, any of the corporate assets on dissolution of the Corporation. All Directors of the Corporation shall be deemed to have expressly consented and agreed that on such dissolution or winding up of the affairs of the Corporation, whether voluntary or involuntary, the assets of the Corporation, after all debts have been satisfied, then remaining in the hands of the Board of Directors shall be distributed as required by the Articles of Incorporation of this Corporation and not otherwise.

Dated: August 25th, 2015          By: Signature on File

                                                         Print Name: Howard Finkelstein

                                                         Secretary, National Board of Physicians and Surgeons