IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EMILY ELIZABETH LAZAROU and AAFAQUE AKHTER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:19-cv-01614 |
| AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY, | ) ) ) | Hon. John Z. Lee |
| Defendant. | ) ) | |

**RULE 26(f) INITIAL STATUS REPORT**

I. Nature of the Case

    A. Attorneys of record for each party, including the lead trial attorney.

*Counsel for Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter*

Philip Curley (Lead Trial Attorney)
Cynthia H. Hyndman
Laura R. Feldman
Benjamin E. Schwab
ROBINSON CURLEY P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
pcurley@robinsoncurley.com
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com
bschwab@robinsoncurley.com
312-663-3100 (Phone)
312-663-0303 (FAX)

Katrina Carroll
Kyle A. Shamberg
LITE DEPALMA GREENBERG, LLC
111 West Washington, Suite 1240
Chicago, IL 60602
312-750-1265 (Phone)
kcarroll@litedepalma.com
kshamberg@litedepalma.com

*Counsel for Defendant American Board of Psychology and Neurology*

Christopher B. Sullivan (Lead Trial Attorney)
Price Parkinson & Kerr, PLLC
5742 West Harold Gatty Drive
Suite 101
Salt Lake City, Utah 84116
801-517-7009
Sullivan@ppktrial.com

Anne I-Pin Shaw
Darryl Tom
Shaw Legal Services Ltd.
540 W. Briar Place, Suite B
Chicago, IL 60657
ashaw@shawattorneys.com
dtom@shawattorneys.com
773-549-9500 (Phone)
773-549-9503 (FAX)

1

**B.     Basis for federal jurisdiction.**

Subject matter jurisdiction is proper under the Sherman Act, 15 U.S.C. §§ 1, 2, and 4; Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26; and 28 U.S.C. §§ 1331, 1337, and 1367.

**C.     Nature of the claims asserted in the complaint.**

This is a class action arising under the federal antitrust laws. Plaintiffs Emily Lazarou and Aafaque Akhter, practicing psychiatrists, allege on behalf of themselves and others similarly situated that Defendant American Board of Psychiatry and Neurology ("ABPN") illegally ties its initial board certification product to its maintenance of certification product ("MOC") in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiffs further allege ABPN has created and maintains a monopoly in the market for maintenance of certification in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. Finally, Plaintiffs allege ABPN was unjustly enriched as a result of ABPN forcing Plaintiffs and other psychiatrists and neurologists to pay ABPN MOC fees.

**D.     Statement of the major legal and factual issues in the case submitted by each side.**

**Plaintiffs' Major Legal and Factual Issues:**

1. Whether ABPN is illegally tying its initial certification product and MOC product;

2. Whether ABPN's illegal tying is a *per se* violation of Section 1 of the Sherman Act;

3. Alternatively, whether ABPN's illegal tying is a violation of Section 1 of the Sherman Act under a "Rule of Reason" analysis;

4. Whether ABPN has unlawfully created and maintains a monopoly in the market for maintenance of certification;

5. Whether ABPN's conduct has anticompetitive effects in the market for maintenance of certification;

6. Whether ABPN's illegal conduct caused injury to the business or property of Plaintiffs; and

7. Whether ABPN was unjustly enriched as a result of its illegal conduct.

**Defendant's Major Legal and Factual Issues:**

1. Defendant incorporates issues 1-7 of Plaintiffs' Major Legal and Factual Issues herein;

2

2. Whether Defendant's activities are inherently anti-competitive;

3. Whether Defendant's activities have redeeming societal value and/or serve the public interest;

4. Whether Defendant's activities involve the impact of professional educational standards;

5. Whether Defendant's activities involve self-regulation;

6. Whether Defendant's activities included a restraint, constraint, force and/or coercion;

7. Whether Defendant's activities caused reductions in output in the relevant market(s);

8. Whether Defendant's activities caused increases in prices in the relevant market(s);

9. Whether Defendant's activities caused unreasonable restraints of trade in the relevant market(s);

10. Whether Defendant's activities caused injury to competition in the marketplace;

11. What is the relevant market definition(s);

12. What is the geographic area of the relevant market definition(s);

13. Do the Plaintiffs have antitrust standing;

14. Whether Defendant's activities substantially foreclosed the market(s) of the relevant product(s);

15. Whether Plaintiffs have adequately pled their causes of actions;

16. Whether Plaintiffs have adequately demonstrated a class under Rule of Civil Procedure 23(a), (b)(2) and (b)(3);

17. Did the Plaintiffs present evidence excluding the possibility of independent actions as opposed to conspiratorial;

18. Was any purported agreement for concerted action designed to further the alleged conspirator's['s] own economic interests while excluding other competitors;

19. Does Defendant have substantial market power in the relevant product market(s);

20. Do the Plaintiffs have antitrust injury;

21. Is Defendant's certification and/or MOC program an economic necessity to Plaintiffs;

22. Are Defendant's activities "trade or commerce" under the Sherman Act;

23. Do the antitrust laws apply to learned professions, educational and/or accreditation organization such as Defendant;

24. Are the alleged tying and tied products distinct and separate; and

25. Whether Defendant's activities caused procompetitive effects in the relevant product markets.

**E.    Relief sought by Plaintiffs.**

Plaintiffs and the Class seek:

1. Damages, to the maximum extent allowed under federal antitrust laws, and that Defendant be required to disgorge the amounts by which it has been unjustly enriched;

2. A permanent injunction barring Defendant, its affiliates, successors, transferees, assignees and other directors and employees thereof, and all other persons acting or claiming to act on its behalf or in concert with them, from in any manner continuing, maintaining, or renewing the conduct alleged herein from adopting or following any practice, plan, program, or device having a similar purpose or effect;

3. Pre- and post- judgment interest;

4. Costs of suit, including reasonable attorneys' fees; and

5. Such other and further relief as the case may require and the Court deem just and proper.

**II.    Pending Motions and Case Plan**

    **A.    Day/Date of the Initial Status Hearing:**  Thursday, May 22, 2019, at 9:15 AM.

    **B.    Pending motions and the dates Answers were filed:** ABPN filed a Rule 12(b)(6) Motion to Dismiss the Class Action Complaint [Dkt. 22] and a Motion Requesting Judicial Notice [Dkt. 24] (hereinafter, "Motions") on Friday, May 10, 2019. Per Order dated May 13, 2019 [Dkt. 28], Plaintiffs' responses to the Motions are due June 7, 2019 and Defendant's replies are due June 21, 2019.

4

**C.** **Description of the parties' discussions of the mandatory initial discovery responses required by the Mandatory Initial Discovery Pilot Project:** Counsel conducted an in-person Rule 26(f) conference on April 12, 2019, where they discussed their obligations involving mandatory initial discovery responses. The parties are prepared to comply with those obligations, without limitations, upon the filing of a Rule 12(a) pleading by Defendant. There are currently no issues between the parties regarding the mandatory initial discovery responses. Each party reserves the option to petition the Court to order Rule 26(a)(1) initial disclosures and to commence discovery under the Federal Rules of Civil Procedure.

**D.** **Proposed discovery plan:**

1. **General type of discovery needed:** The parties anticipate engaging in written discovery (including third party discovery), depositions, and expert discovery.

2. **Date to issue written discovery:** three months following the Court's ruling on the Rule 12 motion.

3. **Deadline for amendment of pleadings:** ninety days after Rule 26(a) disclosures exchanged.

4. **Fact discovery completion date:** nine months following the Court's ruling on the Rule 12 motion.

5. **Expert discovery completion date, including dates for the delivery of expert reports:** Expert discovery to be completed five months following the fact discovery completion date, as follows:

   - Plaintiffs' expert reports due one month after the fact discovery completion date.
   - Defendant's expert reports due two months after the fact discovery completion date.
   - Plaintiffs' rebuttal expert reports (if any) due 4 months after the fact discovery completion date.
   - Plaintiffs' deposition of Defendant's experts due 4 months after the fact discovery completion date.
   - Deposition of Plaintiffs' experts due 5 months after the fact discovery completion date.

6. **Date for filing of dispositive motions:** two months following the expert discovery completion date.

- Parties will engage in electronic discovery and intend to enter into an appropriate ESI order modeled on the Seventh Circuit's Proposed Discovery Plan for Electronically Stored Information.

- o If a subpoena under Rule 45 commands the production of documents or electronically stored information or tangible things, or the inspection of premises before trial, then a notice and a copy of the subpoena must be served on each party five business days before it is served on the person to whom it is directed.

- o Parties agree to accept service of all pleadings and discovery via electronic mail.

E. **Trial:** Plaintiffs have requested a jury trial. The parties estimate the probable length of trial will be 2-4 weeks, subject to further evaluation.

III. **Consent to Proceed Before a Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge.

IV. **Status of Settlement Discussions**

A. No settlement discussions have occurred.

B. Not applicable.

C. While they remain open to the possibility of settlement, the parties do not request a settlement conference at this time.

Date: May 16, 2019

Respectfully submitted,

| *Counsel for Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter* | *Counsel for Defendant American Board of Psychology and Neurology* |
|---|---|
| /s/ C. Philip Curley | /s/ Christopher B. Sullivan |
| Philip Curley<br>Cynthia H. Hyndman<br>Laura R. Feldman<br>Benjamin E. Schwab<br>ROBINSON CURLEY P.C.<br>300 South Wacker Drive, Suite 1700<br>Chicago, IL 60606<br>Pcurley@robinsoncurley.com<br>chyndman@robinsoncurley.com<br>lfeldman@robinsoncurley.com<br>bschwab@robinsoncurley.com<br>312-663-3100 (Phone)<br>312-663-0303 (FAX) | Christopher B. Sullivan<br>Price Parkinson & Kerr, PLLC<br>5742 West Harold Gatty Drive<br>Suite 101<br>Salt Lake City, Utah 84116<br>801-517-7009<br>Sullivan@ppktrial.com<br><br>Anne I-Pin Shaw<br>Darryl Tom<br>Shaw Legal Services Ltd.<br>540 W. Briar Place, Suite B<br>Chicago, IL 60657 |

6

Katrina Carroll
Kyle A. Shamberg
LITE DEPALMA GREENBERG, LLC
111 West Washington, Suite 1240
Chicago, IL 60602
312-750-1265 (Phone)
kcarroll@litedepalma.com
kshamberg@litedepalma.com

ashaw@shawattorneys.com
dtom@shawattorneys.com
773-549-9500 (Phone)
773-549-9503 (FAX)