IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY ELIZABETH LAZAROU and AAFAQUE AKHTER,  )<br>) | |
| Plaintiffs,  ) | |
| v.  ) | No. 1:19-cv-01614 |
| AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY,  ) | Hon. John Z. Lee |
| Defendant.  ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
REQUESTING JUDICIAL NOTICE OF NBPAS'S WEBSITE**

Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter submit this Opposition to Defendant American Board of Psychiatry and Neurology's ("ABPN") Motion Requesting Judicial Notice of NBPAS's Website. (ECF Dkt. No. 24).

**LEGAL STANDARD**

ABPN has brought a motion to dismiss Plaintiffs' Class Action Complaint under Fed. R. Civ. P. 12(b)(6). (ECF Dkt. No. 22). A Rule 12(b)(6) motion, "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745, n.1 (7th Cir. 2012). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Additionally, documents can be construed as "part of the pleadings" and considered on a Rule 12(b)(6) motion only if the moving party shows that the documents are "'referred to in the

plaintiff's complaint'" and "'central to his claim.'" *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (internal citations omitted).

## ARGUMENT

I.  **The Information From The NBPAS Website Is Subject To "Reasonable Dispute" And Not Appropriate For Judicial Notice.**

ABPN asks the Court to take judicial notice of several pages of a website maintained by the National Board of Physicians and Surgeons ("NBPAS"). NBPAS was established in January 2015 to provide maintenance of certification products to physicians; its product competes with ABPN's maintenance of certification product, MOC. *See* Dkt. 1, ¶¶ 75-79. ABPN seeks judicial notice of these website pages to suggest (which Plaintiffs strongly dispute) that: (i) NBPAS sells initial certifications; (ii) NBPAS treats initial certification and MOC as one product; and (iii) there is no demand for MOC apart from the demand for initial certification.

First, information included on a third-party non-governmental website is not subject to judicial notice under Rule 201(b)(2) because it "cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Franklin v. DePaul Univ.*, No. 16 C 8612, 2017 U.S. Dist. LEXIS 118552, *10 (N.D. Ill. July 28, 2017) (declining to take judicial notice of website where the party offering the materials failed to show they are "matters of public record" or "come from sources whose accuracy cannot reasonably be questioned"). *See also Islamic Cntr. of W. Suburbs v. County of Dupage*, No. 12 C 6132, 2012 U.S. Dist. LEXIS 179042, *19-20 n.2 (N.D. Ill. Dec. 18, 2012) (court refused to take judicial notice of Amazon and eBay's websites because "[w]hile courts may take judicial notice of information on governmental web sites, the accuracy and reliability of non-governmental web sites is subject to reasonable dispute").

Second, ABPN seeks judicial notice of the NBPAS website pages to support an argument that "Plaintiffs' allegation that the 'NBPAS offers maintenance of certification but not initial certification' (Complaint ¶ 77)[1] is demonstrably false." Dkt. 24, ¶ 7. *See also* Dkt. 23 at 6. Plaintiffs have not made "false" or "untrue" statements in their Complaint. Indeed, NBPAS does not sell initial certifications, as evidenced by four of the very exhibits ABPN asks this Court to consider:

- As a prerequisite to NBPAS maintenance of certification, NBPAS requires "previous certification by an ABMS or AOA member board." Dkt. 24, Ex. A;

- "Candidates must have been previously certified by an American Board of Medical Specialties (ABMS)…member board…There are no exceptions." Dkt. 24, Exhibit B;

- Candidates must identify the ABMS or AOA board that gave them initial certification, Dkt. 24, Exhibit D; and

- "Candidates must have been previously certified by an American Board of Medical Specialties member board." Dkt. 24, Exhibit E.

ABPN also argues that the exhibits show NBPAS "treats board certification as one product" and that there is "no market demand for MOC…distinctive of the market demand for board certification." *See* Dkt. 23 at 7. These statements are not "fact[s]" under Rule 201(b) that can be accurately or readily determined from the website pages; instead, they are arguments ABPN derives from its own tortured interpretations of NBPAS's website pages. Thus, judicial notice of the NBPAS website pages is inappropriate.

## II. Allegations Regarding NBPAS's Website Are Not Part Of The Pleadings Or Central To Plaintiffs' Claims.

ABPN suggests the NBPAS website pages can be considered on its Motion to Dismiss because they are referenced in and integral to Plaintiffs' Complaint. Dkt. 24, ¶ 9. But ABPN has

---

[1] This allegation is actually in paragraph 78 of Plaintiffs' Complaint. Dkt. 1, ¶ 78.

not met its burden of showing the website pages should be properly considered. The Court cannot construe the NBPAS web pages as "part of the pleadings" because ABPN has not shown that the website pages "'are referred to in the plaintiff's complaint'" and "'are central to [Plaintiffs'] claim.'" *See Levenstein*, 164 F.3d at 347. This "narrow exception" to the rule that courts should consider on a motion to dismiss only what is alleged in the complaint is "aimed at cases interpreting, for example, a contract." *Id*. It "is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." *Id.*

Plaintiffs' Complaint includes one reference to the NBPAS website for the unremarkable proposition that "only 108 hospitals, approximately one percent of hospitals nationwide, accept NBPAS maintenance of certification and not a single insurance company is known to accept NBPAS maintenance of certification." Dkt. 1, ¶ 78. [2] Indeed, ABPN does not rely on the NBPAS web pages to dispute this statement. The Complaint does not "refer to" any of the other website pages ABPN attaches to its motion.

This single reference—in one out of 138 paragraphs of the Complaint—is not central to any of the claims Plaintiffs bring against ABPN and ABPN has failed to make such a showing. *See Daugherty v. Univ. of Chicago*, No. 17 C 3736, 2017 U.S. Dist. LEXIS 155948, *12 (N.D. Ill. Sept. 22, 2017) (exhibit referenced in just one paragraph was "not central to the complaint").

ABPN's bare declaration, Dkt. 24, ¶ 5, that the NBPAS website "forms the basis" for Plaintiff's unlawful tying and illegal monopolization claims, is simply not true. Plaintiffs do not allege that NBPAS illegally tied ABPN's initial certification and MOC products. Plaintiffs do

---

[2] This page is an earlier version of what ABPN has attached as Exhibit A to its motion. Dkt. 24, Ex. A. Plaintiffs' cite is to the website page as it appeared on February 26, 2019. NBPAS's website has since changed. According to Defendant's Exhibit A, on May 8, 2019, there were 110 hospitals that accepted NBPAS's MOC. This is further evidence of why facts and information found on websites should not be subject to judicial notice.

not allege that NBPAS forces doctors to buy ABPN's MOC product or have ABPN terminate their initial certification. Plaintiffs do not allege that NBPAS possesses monopoly (or market) power in the market for initial certification. Plaintiffs do not allege that NBPAS possesses monopoly power in the market for maintenance of certification. Plaintiffs do not allege that NBPAS has injured competition in the market for maintenance of certification. And Plaintiffs do not allege they or other psychiatrists and neurologists have been injured by any NBPAS violation of the antitrust laws. ABPN cannot show that NBPAS is central to any of Plaintiffs' claims.

The cases ABPN relies on where websites were considered by a court on a motion to dismiss are inapposite. Those cases all involve websites operated by the plaintiff or defendant, and the documents found on the website were unquestionably central to the claims. *See Lacy v. Progressive Direct Ins., Co.*, Case No. 15 C 50110, 2016 WL 25717, *2 (N.D. Ill. Jan. 4, 2016) (policy filing that goes to the heart of plaintiffs' misrepresentation claim); *Belfron v. Credit Check Total Consumerinfo.com, Inc.*, Case No. 2:18-cv-00408, 2018 WL 4478906, *7-8 (E.D.N.Y. Oct. 1, 2018) (terms of use documents that plaintiff referenced in complaint for breach of contract); *Solum v. CerTainteed Corp.*, 147 F. Supp. 3d. 404 (E.D.N.C. Oct. 27, 2015) (plaintiffs' claim hinged on their reliance on statements made on defendants' website); *deVere Group GMBH v. Opinion Corp.*, 877 F. Supp. 2d 67, 71 (E.D.N.Y. 2012) (plaintiffs' reference in complaint to its own website); *Inman v. Technicolor USA, Inc.*, Civ. No. 11-666, 2011 WL 5829024, **3-4, 12 (W.D. Pa. Nov. 18, 2011) (complaint alleging defendant eBay's website was used to sell allegedly defective products; terms of use from website considered).

ABPN cites to two other cases, but they involved key documents authored or adopted by a party, unlike here. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (allowing defendant to attach EEOC charges filed and signed by plaintiffs in discrimination suit);

5

*In re Dealer Mgmt. Sys. Antitrust Litig.*, 313 F. Supp. 3d 931, 938 (N.D. Ill. 2018) (consideration of agreements entered into by defendants). ABPN has not cited to any cases where websites operated by non-parties, cited in one paragraph of a complaint, were considered on a motion to dismiss.

## CONCLUSION

For all the reasons stated above, Plaintiffs request that the American Board of Psychiatry and Neurology's Motion Requesting Judicial Notice of the NBPAS Website be denied.

Dated: June 7, 2019

Respectfully submitted,

/s/ C. Philip Curley

C. Philip Curley
Cynthia H. Hyndman
Laura R. Feldman
Benjamin E. Schwab
ROBINSON CURLEY P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
Tel: 312.663.3100
Fax: 312.663.0303
pcurley@robinsoncurley.com
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com
bschwab@robinsoncurley.com

Katrina Carroll
CARLSON LYNCH LLP
111 West Washington, Suite 1240
Chicago, IL 60602
Tel: 312.750.1265
Fax: 312.212.5919
kcarroll@carlsonlynch.com

*Counsel for Plaintiffs Emily Elizabeth Lazarou and Aafaque Akhter*

6