IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY ELIZABETH LAZAROU and AAFAQUE AKHTER, individually and on behalf of all others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY,<br><br>      Defendant. | Case No.: 1-19-cv-01614<br><br>Hon. Martha M. Pacold |

**DEFENDANT'S RESPONSE
TO "PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION
TO MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT"**

 In their "supplemental" brief, Plaintiffs do not contend that the allegations and causes of action in *Kenney et al. v. American Board of Internal Med.*, No. 18-5260 (E.D. Pa) and *Siva v. American Board of Radiology*, No. 19 C 1407 (N.D. Ill.) are materially different from those in this case. Nor can they, as they are substantively identical. *See* Exhibits 1-3 (Complaints in the *Kenney*, *Siva*, and *Lazarou* cases).

 Rather, Plaintiffs contend that two other federal courts that have dismissed these allegations and causes of action, including one in this district, simply got it wrong and should be ignored. *See* Exhibits 4-5 (Dismissals of *Siva* and *Kenney* cases). What is the basis of Plaintiffs' contention that two different federal judges wrongfully dismissed substantively the same case as pled here? Thirteen cases, all but two of which were published prior to the date Plaintiffs filed their brief in opposition to the motion to dismiss (June 17, 2019) and that are, therefore, improper supplementation. *See Dkt. 38.*

The two cases that post-date Plaintiffs' opposition brief do not stand for that which Plaintiffs claim and are otherwise inapposite. *US Airways, Inc. v. Sabre Holdings Corp.*, 938 F.3d 43, 66 (2nd Cir. 2019) did not involve a tying claim, but rather a single-brand market definition analysis. *See id.,* at 66, n.8 ("But those cases do not purport to apply any such rule to a plaintiff's attempt to allege a single-brand market when no alleged aftermarket or tying arrangement is involved, such as in this case…") (emphasis added). Likewise, *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270 (11th Cir. 2019) upheld a denial of a motion to dismiss based on state-action immunity. *See id.*, at 1271-1273.

Another rationale Plaintiffs advance to explain how two different federal judges wrongfully dismissed substantively the same case as pled here is that the rulings relied on *Kaufman v. Time Warner*, 836 F.3d 137 (2nd Cir. 2016), "which had not been cited by any of the parties in either case." Plaintiffs' Supplemental Brief ("Supplemental") at p. 2). But ignores the fact that Defendant here cited *Kaufman* in its brief in support of its motion to dismiss. *See Dkt.* 23, at pp. 4-5.

On the flip-side, the argument that consumes the greatest portion of their supplemental is that two other federal courts got it wrong by arguing that the *Kenney* and *Siva* defendants "relied heavily on a franchise analogy" and that the "economic arguments that might justify a franchisor's tying do not apply here." Supplemental at pp. 4-5. That argument, too, ignores the fact that Defendant here did not make the franchise analogy argument.

Finally, Plaintiffs ignore the additional arguments made by Defendant including – but not limited to – the very powerful statute of limitations argument asserted for dismissal with prejudice. *See Dkt.* 23, at pp. 12-14. An argument not made by the *Siva* or *Kenney* defendants.

Plaintiffs' supplemental brief is improper, adds nothing new, is not persuasive, should be ignored and, candidly, appears desperate. The American Board of Psychiatry and Neurology's motion to dismiss should be granted.

Dated: December 20, 2019  /s/ Christopher Sullivan

Christopher B. Sullivan
Ron Price
PRICE PARKINSON & KERR
5742 West Harold Gatty Drive
Salt Lake City, Utah 84116
Sullivan@ppktrial.com
RonPrice@ppktrial.com
Tel: 801.517.7009

Anne I-Pin Shaw
Darryl Tom
SHAW LEGAL SERVICES, LTD.
540 W. Briar Place, Unit B
Chicago, Illinois 60657
ashaw@shawattorneys.com
dtom@shawattorneys.com

*Attorneys for Defendant American Board of Psychiatry and Neurology*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2019, the foregoing **DEFENDANT'S RESPONSE TO "PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT"** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by email to the following:

C. Philip Curley
Cynthia H. Hyndman
Laura R. Feldman
Benjamin E. Schwab
ROBINSON CURLEY P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
pcurley@robinsoncurley.com
chyndman@robinsoncurley.com
lfeldman@robinsoncurley.com
bschwab@robinsoncurley.com

Katrina Carroll
Carlson Lynch LLP
111 West Washington, Suite 1240
Chicago, IL 60602
kcarroll@carlsonlynch.com

                                            */s/ Christopher Sullivan*
                                               Christopher Sullivan