IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILY ELIZABETH LAZAROU and AAFAQUE AKHTER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN BOARD OF PSYCHIATRY AND NEUROLOGY, <br><br> Defendant. | Case No.: 1-19-cv-01614 <br><br> Honorable Martha M. Pacold |

**SUPPLEMENTAL BRIEF OF DEFENDANT IN SUPPORT OF ITS MOTION TO DISMISS PLANTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant American Board of Psychiatry and Neurology ("ABPN"), by and through its counsel, submits this Supplemental Brief in Support of its Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("FAC").

**Court Directive:** By a February 17, 2023 minute entry, this court directed each party to file a supplemental brief "addressing any effect of *Siva v. American Board of Radiology*, 38 F.4th 569 (7th Cir. 2022) on this case."

**Answer:** Under the doctrine of *stare decisis* and absent any compelling reason to ignore controlling precedent, this Court is bound to follow the holding of its superior Court in *Siva*, 38 F.4th 569, and dismiss this case with prejudice.

**Introduction and Brief Background**

This Court previously dismissed Plaintiffs' Complaint on September 11, 2020, with leave for Plaintiffs to amend. ECF No. 60. The Court dismissed Plaintiffs' tying claim because, among other deficiencies, "plaintiffs have not plausibly alleged that ABPN's initial certification and MOC are distinct products." ECF No. 60 at 12. Plaintiffs took the opportunity to amend. ECF No. 63.

1

The ABPN moved to dismiss the First Amended Complaint and, as of April 19, 2021, that motion was fully briefed. ECF No. 76 (until this Court's February 17, 2023 directive).

In addition, as this Court may recall, four other identical cases have been filed against other ABMS-member boards; two by the attorneys bringing this lawsuit: 1) *Siva v. American Bd. of Radiology* (N.D. Ill.) and 2) *Kenney et al. v. American Bd. of Internal Med.* (E.D. Pa); and two by a California law firm: 3) *Rosenstein v. American Bd. of Orthopaedic Surgery* (N.D. Ill.); and 4) *Mannis v. American Bd. of Med. Specialties* (N.D. Ill). As this Court knows, the Seventh Circuit Court of Appeals affirmed the dismissal of the *Siva* case. *Siva*, 38 F.4th 569. The *Kenney* case was dismissed with prejudice and that dismissal was affirmed by the Third Circuit Court of Appeals. *Kenney v. Am. Bd. of Internal Med.*, 847 F. App'x 137, 139 (3d Cir. 2021). Finally, the *Rosenstein* and *Manis* cases were initially filed in California, transferred to the Northern District of Illinois and thereafter voluntarily dismissed.[1]

## ARGUMENT

The doctrine of *stare decisis* "imparts authority to a decision, depending on the court that rendered it, merely by virtue of the authority of the rendering court and independently of the quality of its reasoning. The essence of *stare decisis* is that the mere existence of certain decisions becomes a reason for adhering to their holdings in subsequent cases." *Midlock v. Apple Vacations West, Inc.,* 406 F.3d 453, 457 (7th Cir. 2005). For the sake of law's stability, s*tare decisis* bars a different party in a suit from obtaining the overruling of a prior decision by an appellate court with potential jurisdiction over that party's suit. *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 858–59 (7th Cir. 2001).

---

[1] *See*, *Rosenstein*, No. 20-cv-6244, ECF No. 44; and *Mannis*, No. 20-cv-6238, ECF No. 83.

In short, s*tare decisis* means that courts should abide by previously decided cases that have ***similar factual scenarios*** so that "like facts will receive like treatment in a court of law." *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 2000 WL 204061, at *2 (N.D. Ill. Feb. 10, 2000) (quoting *Flowers v. United States,* 764 F.2d 759, 761 (11th Cir.1985)); *see also*, *Paddock Publications, Inc. v. Chicago Trib. Co.*, 103 F.3d 42, 46 (7th Cir. 1996) (holdings of superior courts bind inferior courts even if not thoroughly reasoned); *Miller v. United States*, 868 F.2d 236, 241 (7th Cir. 1989) (holding "bedrock principle of *stare decisis*" is that "lower courts are bound by the precedential authority of cases rendered by higher courts"); *Olson v. Paine, Webber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986) ("Ordinarily a lower court has no authority to reject a doctrine developed by a higher one.").

Here, the factual scenarios and legal theories presented in *Siva* and this case are not only similar, they are nearly identical. Each is brought by a physician against a defendant ABMS Board asserting identical legal theories:

> Lazarou: "This case is about illegal tying by ABPN. Certification is the tying product. ABPN has long been the monopoly supplier of certifications for psychiatrists and neurologists." ECF No. 63 at ¶ 6.
>
> \*   \*   \*
>
> Siva: "This case is about the illegal tying by Defendant American Board of Radiology ("ABR") … Certification is the tying product. ABR has long been the monopoly supplier of certifications for radiologists. *Siva* Am. Cmplt., ¶¶ 2-3 (Exhibit 1, hereto).

The fact sections are nearly identical (except for replacing ABR with ABPN) and the layout of the factual allegations (*i.e.*, the context and structure) are identical between the two cases. *See generally* for comparison fact sections allegations and fact section headers of *Siva* and *Lazarou* amended complaints. Ex. 1 and ECF No. 63.

3

Each is brought on behalf of a putative class that has identical class action allegations (other than the acronym for the defendant) [Ex 1, ¶¶270-276; ECF No. 63 at ¶¶ 325-331], including identical proposed common questions of law and fact. Ex 1, ¶272; ECF No. 63 at ¶ 327.

And each bring the identical three causes of action: 1) Per se Illegal Tying in Violation of Section 1 of the Sherman Act; 2) Alternative Rule of Reason Illegal Tying in Violation of Section 1 of the Sherman Act; and 3) Unjust Enrichment. Ex 1, ¶¶277-372; ECF No. 63 at ¶¶ 332-430.

Finally, prior to the Seventh Circuit's ruling in *Siva*, the ABPN cited the district court's decision dismissing *Siva* in the ABPN's motion to dismiss briefings pending before this Court. In that briefing, Plaintiffs attempted to distinguish the district court's ruling in *Siva* stating, in total:

> "Though it devotes substantial portions of its brief to the notion that this Court should follow Siva, ABPN fails to acknowledge the determinative difference between the two. Judge Alonso found it significant that the defendant in that case had never sold its own CPD product separate from certification. Siva, 2021 U.S. Dist. LEXIS 3806, *10-11 ("Most critically … Plaintiff has still not alleged that ABR ever actually sold initial certification and MOC separately"). Here ABPN sold its own voluntary 'recertification' CPD product separate from certification for ten years." ECF No. 75 at p. 9, n.4.

Plaintiffs' attempted distinction, candidly, mischaracterized and misconstrued Judge Alonso's actual reasoning in dismissing the *Siva* lawsuit. *See*, *Siva v. Am. Bd. of Radiology*, 512 F. Supp. 3d 864, 869 (N.D. Ill. 2021), *aff'd*, 38 F.4th 569 (7th Cir. 2022). A point recognized and affirmed by the Seventh Circuit:

> "**The district court did not quibble with Siva's assertions that 'MOC is a kind of CPD product' and that CPD products have long been sold separately from certifications**, a factor the Supreme Court has indicated points toward a finding of separate products. Instead, the district court reasoned that even if MOC was a CPD product by another name, that fact "d[id] not separate it from [the Board's] core certification product because it does not account for the fact that MOC has been essentially integrated into the certification product in a way that no other CPD product has." *Siva*, 38 F.4th at 574–75 (emphasis added).

4

## **CONCLUSION**

For the above reasons, and for the reasons previously stated in its memoranda in support of its motion to dismiss, the First Amended Complaint should be dismissed in its entirety and with prejudice for failure to state a claim upon which relief can be granted.

Dated: April 5, 2023

Respectfully submitted,

/s/ *Christopher Sullivan*
Christopher B. Sullivan
MITCHELL BARLOW & MANSFIELD, P.C.
9 Exchange Pl., STE 600
Salt Lake City, Utah 8411
Tel: (801) 998-8888
csullivan@mbmlawyers.com

Anne I-Pin Shaw
Darryl Tom
SHAW LEGAL SERVICES, LTD.
540 W. Briar Place, Unit B
Chicago, Illinois 60657
ashaw@shawattorneys.com
dtom@shawattorneys.com

*Attorneys for Defendant American Board of Psychiatry and Neurology*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 5, 2023, the foregoing **SUPPLEMENTAL BRIEF OF DEFENDANT IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** was electronically filed with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filing by email to the following:

C. Philip Curley (pcurley@robinsoncurley.com)
Cynthia H. Hyndman (chyndman@robinsoncurley.com)
Robert Lawrence Margolis (rmargolis@robinsoncurley.com)
ROBINSON CURLEY P.C.
200 N. LaSalle Street, Suite 1550
Chicago, IL 60601

Katrina Carroll (katrina@lcllp.com)
Lynch Carpenter LLP
111 West Washington, Suite 1240
Chicago, IL 60602

                                                                            /s/ Christopher Sullivan